UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL PERKINS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. PORTER, et al.,<br><br>　　　　　Defendants. | Case No. 1:17-cv-0579-MJS (PC)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>**(ECF No. 17)**<br><br>**CLERK TO CLOSE CASE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. He has consented to magistrate judge jurisdiction. Plaintiff's First Amended Complaint is before the Court for screening.

**I.　Screening Requirement**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.　Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method

for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III. Plaintiff's Allegations

At all times relevant to this action, Plaintiff was incarcerated at California City Correctional Facility in California City, California. He names as Defendants Correctional Officers ("CO") Porter, Gomez, Askerson, Cortez, Walsh, and Maldonada.

Plaintiff's minimal allegations can be fairly summarized as follows:

On February 16, 2017, CO Gomez entered the B-Section pod with legal mail for Plaintiff and motioned for Plaintiff to come to him. Plaintiff was on a collect call at the time and motioned for CO Gomez to come to him instead. CO Gomez left without giving Plaintiff his mail. Plaintiff received his mail the next day from another officer.

CO Gomez then asked CO Porter to "unleash the (hounds)" on Plaintiff. Following this request, CO Porter left word for CO Askerson and CO Cortez to search Plaintiff's cell. On February 18, 2017, these two Defendants searched the cell even

though they had just searched the cell the day before. CO Maldonada "let both Cortez and Askerson run rogue...."

The sole allegation asserted against Walsh is that he or she screened out Plaintiff's inmate grievance.

Plaintiff seeks damages.

## IV. Discussion

"The Prison Litigation Reform Act of 1995 (PLRA) mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." Ross v. Blake, 136 S. Ct. 1850, 1854-55 (June 6, 2016) (quoting 42 U.S.C. § 1997e(a)). However, "an inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" Ross, at 1859 (quoting Booth v. Churner, 532 U.S. 731, 738 (2001)). Failure to exhaust is "an affirmative defense the defendant must plead and prove." Jones v. Bock, 549 U.S. 199, 204 (2007).

The Supreme Court has identified only "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." Ross, at 1859. These circumstances are as follows: (1) the "administrative procedure ... operates as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) the "administrative scheme...[is] so opaque that it becomes, practically speaking, incapable of use ... so that no ordinary prisoner can make sense of what it demands;" and (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id. at 1859-60 (citations omitted). Other than these circumstances demonstrating the unavailability of an administrative remedy, the mandatory language of 42 U.S.C. § 1997e(a) "foreclose[es] judicial discretion," which "means a court may not excuse a failure to exhaust, even to take [special] circumstances into account." Ross, 136 S. Ct. at 1856-57.

In the Ninth Circuit, dismissal of a prisoner civil rights action for failure to exhaust

administrative remedies must generally be decided pursuant to a motion for summary judgment under Rule 56, Federal Rules of Civil Procedure. Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014) (en banc). The only exception is "[i]n the rare event that a failure to exhaust is clear on the face of the complaint." Id. at 1166 (authorizing defendant to move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6)); see also Jones, 549 U.S. at 215 (exhaustion is not a pleading requirement but an affirmative defense that, if apparent on the face of the complaint, may support dismissal); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies."), overruled on other grounds by Albino, supra, 747 F.3d at 1166; Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) ("Because Vaden did not exhaust his administrative remedies prior to sending his complaint to the district court, the district court must dismiss his suit without prejudice.") (citing Wyatt, 315 F.3d at 1120).

This case falls under the "rare event" contemplated by Albino when the failure to exhaust is clear from the face of this complaint. Here, Plaintiff admits that he did not exhaust his administrative remedies before initiating this case. When Plaintiff's original pleading was dismissed with leave to amend for failure to exhaust, he was specifically informed that he must assert specific facts to show that one of the three aforementioned exceptions to the mandatory exhaustion requirement apply to this case. In his amended pleading, Plaintiff claims only that his grievance "was screened out by CCI N. Walsh a named party in this suit." He provides no further details.

In the absence of any circumstances to show that the administrative procedure was "a simple dead end," or that the administrative scheme was overly opaque, or that prison administrates thwarted Plaintiff from pursuing his appeal through "machination, misrepresentation, or intimidation," this action must be dismissed for failure to exhaust administrative remedies.

**V. Conclusion**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's First Amended

Complaint is dismissed without leave to amend for failure to exhaust administrative remedies. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: May 30, 2017         /s/ *Michael J. Seng*
                            UNITED STATES MAGISTRATE JUDGE